IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:24-cv-00272-KDB-WCM

| | | |
|---|---|---|
| ARNOLD BULLMAN, | ) | |
| | ) | |
| Plaintiff, | ) | MEMORANDUM AND |
| | ) | RECOMMENDATION |
| v. | ) | |
| | ) | |
| COMMISSIONER OF THE SOCIAL | ) | |
| SECURITY ADMINISTRATION, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636 for the entry of a recommendation.

## I.    Procedural Background

In early 2022, Arnold Bullman ("Plaintiff") filed applications for disability insurance benefits and supplemental security income. Transcript of the Administrative Record ("AR") 214-226. Plaintiff subsequently amended his claim to assert only an entitlement to supplemental security income. AR 234-235. Plaintiff alleges disability beginning February 14, 2022. Id.

On April 29, 2024, following an administrative hearing at which Plaintiff appeared and testified, an Administrative Law Judge ("ALJ") issued an unfavorable decision. AR 21-42. That decision is the Commissioner's final decision for purposes of this action.

1

## II.    The ALJ's Decision

The ALJ found that Plaintiff had the severe impairments of obesity, depressive disorder, and generalized anxiety disorder. AR 27. After determining that Plaintiff's impairments did not meet or medically equal any of the listed impairments, the ALJ found that Plaintiff had the residual functional capacity ("RFC"):

> to perform light work… except he may never climb ladders, ropes, or scaffolds, but may occasionally climb ramps and stairs. He can frequently balance and stoop, occasionally kneel, crouch, and crawl.  He is able to understand, remember, and carry out simple instructions and use judgement to make simple work-related decisions, he is able to adapt to occasional changes in the work setting, and is able to maintain concentration and persistence for at least 2 hours at a time throughout an 8-hour workday with regular breaks. He should not perform work requiring a specific production rate. Finally, he may have limited to occasional interaction with the public that does not involve adversarial type activities, and is limited to occasional interaction with coworkers.

AR 29.

Applying this RFC, the ALJ found that Plaintiff could perform other jobs that exist in significant numbers in the national economy such that Plaintiff was not disabled. AR 37-38.

## III.    Plaintiff's Allegations of Error

Plaintiff contends that, when developing Plaintiff's RFC, the ALJ erred in her consideration of the opinion of Dr. Michael F. Fiore, a licensed

2

psychologist who conducted consultative clinical psychological exams of Plaintiff on May 24, 2022 (AR 414-418) and on June 26, 2023 (AR 433-437). Additionally, Plaintiff argues that the ALJ failed to provide an explanation of the term "specific production rate" as used in Plaintiff's RFC.

## IV. Standard of Review

A claimant has the burden of proving that he or she suffers from a disability, which is defined as a medically determinable physical or mental impairment lasting at least 12 months that prevents the claimant from engaging in substantial gainful activity. 20 C.F.R. §§ 404.1505(a); 416.905(a). The regulations require the Commissioner to evaluate each claim for benefits using a five-step sequential analysis. 20 C.F.R. §§ 404.1520; 416.920. The burden rests on the claimant through the first four steps to prove disability. Monroe v. Colvin, 826 F.3d 176, 179 (4th Cir. 2016). If the claimant is successful at these steps, then the burden shifts to the Commissioner to prove at step five that the claimant can perform other work. Mascio v. Colvin, 780 F.3d 632, 635 (4th Cir. 2015); Monroe, 826 F.3d at 180.

Under 42 U.S.C. § 405(g), judicial review of a final decision of the Commissioner denying disability benefits is limited to whether substantial evidence exists in the record as a whole to support the Commissioner's findings, and whether the Commissioner's final decision applies the proper legal standards. Hines v. Barnhart, 453 F.3d 559, 561 (4th Cir. 2006). When a

3

federal district court reviews the Commissioner's decision, it does not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). Accordingly, the issue before the Court is not whether Plaintiff is disabled but, rather, whether the Commissioner's decision that he is not disabled is supported by substantial evidence in the record and based on the correct application of the law. Id.

V.     Discussion

A. Treatment of Dr. Fiore's Opinion

An ALJ who finds a claimant has moderate limitations in concentration, persistence, or pace is not automatically required to include a corresponding limitation in the RFC. See Shinaberry v. Saul, 952 F.3d 113, 121 (4th Cir. 2020); Mascio v. Colvin, 780 F.3d 632, 638 (4th Cir. 2015). Rather, the ALJ has two options. The ALJ may either (1) include additional limitations in the claimant's RFC to account adequately for the particular mental limitations, or, in the alternative, (2) explain the decision not to limit the claimant's RFC further. Shinaberry, 952 F.3d at 121 (explaining that Mascio did not impose a categorical rule requiring a specific RFC regarding concentration, persistence, or pace and stating that an ALJ could explain why such a limitation was not necessary); Rivera v. Berryhill, No. 3:17-CV-00376-GCM, 2019 WL 355536, at *2 (W.D.N.C. Jan. 29, 2019).

4

Here, with respect to Plaintiff's limitations, Dr. Fiore opined (in the context of both consultative examinations) that Plaintiff's "attention span is reduced due to anxiety and would moderately interfere with [Plaintiff's] ability to perform repetitive tasks on a sustained basis." AR 417; 437. The ALJ found Dr. Fiore's opinions to be persuasive. AR 35-36.[1]

Plaintiff's RFC indicates that Plaintiff is "able to maintain concentration and persistence for at least 2 hours at a time throughout an 8-hour workday with regular breaks." AR 29. Plaintiff contends that such a limitation fails to account for the limitations in Plaintiff's attention span identified by Dr. Fiore.

However, "[m]any courts within this circuit have concluded that a two-hour limitation can account for a plaintiff's moderate limitations in concentrating, persisting, or maintaining pace." Cynthia W. v. O'Malley, No. CV 2:23-03591-MGB, 2024 WL 6956031, at *7 (D.S.C. Aug. 14, 2024) (collecting cases); see also Neyer v. Comm'r, SSA, No. SAG-14-3343, 2015 WL 5773239, at *2 (D. Md. Sep. 29, 2015) ("the ALJ adequately accounted for [the claimant's] moderate limitation in concentration, persistence, or pace by limiting her to performing simple tasks in two-hour increments. By limiting the sustained duration of Ms. Neyer's work to two hours, the ALJ adequately accounted for

---

[1] The Fourth Circuit has indicated that "ALJs are not required to accept all components of a witness' discussion about a claimant's limitations just because the ALJ finds them to be generally persuasive." Turner v. Comm'r of Soc. Sec., No. 23-1760, 2024 WL 2764722, at *5 (4th Cir. May 30, 2024) (per curiam).

her limited ability to stay on task."); <u>Owens v. Comm'r, SSA</u>, No. SAG-14-3692, 2015 WL 5052688, at *4 (D. Md. Aug. 24, 2015) (finding a claimant's "moderate difficulties in concentration, persistence, or pace were specifically addressed by the finding that he is able to perform simple tasks in two hour increments."); <u>Scott v. Berryhill</u>, 1:16cv48, 2017 WL 500000, at *8 (M.D.N.C. Feb. 7, 2017) (finding that the ALJ accounted adequately for the plaintiff's moderate difficulties in concentration, persistence, or pace when the ALJ expressly found in the RFC that "despite moderate limitation in CPP, Plaintiff retained the ability to 'maintain [CPP] to stay on task for 2-hour periods over the course of a typical 8-hour workday in order to perform'" specific, identified tasks); <u>but cf.</u> <u>Steele v. Comm'r, Soc. Sec.</u>, No. MJG-15-1725, 2016 WL 1427014, at *4 (D. Md. Apr. 11, 2016); <u>Jeff H. v. Comm'r, Soc. Sec. Admin.</u>, No. CV SAG-21-902, 2022 WL 958466, at *2 (D. Md. Mar. 30, 2022).

Courts in this district have made similar findings. <u>See</u> <u>Beasley v.</u> <u>Berryhill</u>, No. 1:17-CV-00294-RJC, 2019 WL 1330928, at *5 (W.D.N.C. Mar. 25, 2019) ("the Court finds that a two-hour limitation addressed Plaintiff's moderate limitations in CPP. This is consistent with other courts' conclusions.") (collecting cases); <u>Sams v. Comm'r of Soc. Sec.</u>, No. 1:20-CV-367-DCK, 2022 WL 3579891, at *4–5 (W.D.N.C. Aug. 19, 2022) ("many courts have found that 'a two-hour limitation addresse[s] [a] [p]laintiff's moderate limitations in CPP.' Here, the ALJ included a further limitation in Plaintiff's

6

RFC beyond a limitation to 'simple, routine tasks' to only tasks 'performed two hours at a time' and 'no fast-paced production rate work.' Indeed, courts in this district have found that such limitations adequately account for moderate limitations in concentration, persistence, and pace.") (internal citations omitted); Fender v. Berryhill, No. 1:17-CV-41-RJC, 2018 WL 1536485, at *7 (W.D.N.C. Mar. 20, 2018) (a "two-hour limitation directly addresses plaintiff's moderate limitations in concentration, persistence or pace"); Roope v. Berryhill, No. 5:16-cv-48-GCM, 2017 WL 1364603, at *3 (W.D.N.C. Apr. 12, 2017) ("An explanation of how long a claimant is able to sustain concentration and attention to perform tasks is a direct accounting of the claimant's ability to stay on task—and difficulties in concentration, persistence and pace.").

Here, the undersigned is persuaded that Plaintiff's RFC accounted for his moderate limitations in concentration, persistence, or pace adequately. As noted above, the RFC provides that Plaintiff can maintain concentration and persistence for "at least 2 hours at a time throughout an 8-hour workday with regular breaks," which appears to directly address Plaintiff's ability to concentrate. Further, the ALJ explained that Dr. Fiore's examinations revealed "slight difficulty maintaining concentration," AR 31, and additionally noted, more generally, that there was "little objective evidence of an impairment in [Plaintiff's ability to pay attention, or concentrate, as [Plaintiff]

7

stated in a self-report, that he had a good attention span, even though Dr. Fiore opined that he would have a limitation in that domain." AR 34.

### B. "Specific Production Rate"

Plaintiff also contends that the ALJ failed to explain adequately the meaning of the term "specific production rate" as used in Plaintiff's RFC.

In <u>Thomas v. Berryhill</u>, 916 F.3d 307, 311 (4th Cir. 2019), the Fourth Circuit found that it was "difficult, if not impossible" to assess whether a restriction in the plaintiff's RFC to jobs not requiring "a production rate or demand pace," was supported by substantial evidence without elaboration as to what the ALJ meant by the term "production rate or demand pace." The Fourth Circuit likewise found, in <u>Perry v. Berryhill</u>, 765 F. App'x 869, 872 (4th Cir. 2019), that the use of the term "non-production oriented work setting," when used without further explanation in a claimant's RFC, was incapable of judicial review. <u>See also</u> <u>id</u>. ("[W]e do not know what the ALJ intended when she used that phrase. As a result, it is difficult, if not impossible, to evaluate"); <u>Hernandez v. Saul</u>, No. 3:19-CV-337-FDW, 2020 WL 3259802, at *5 (W.D.N.C. June 16, 2020) (remanding because "without any explanation, the Court cannot partake in any meaningful review of the ALJ's usage of the term 'non-production work setting' and any purported limitations imposed regarding Plaintiff's moderate limitations in concentration, pace, or persistence").

However, in <u>Sizemore v. Berryhill</u>, 878 F.3d 72, 79 (4th Cir. 2017), the court indicated that the use of the term "non-production jobs" could be acceptable when there were also some additional descriptors to give meaning to the term. There, the court found that additional descriptors such as "low stress" and "without any fast-paced work" explained the restriction sufficiently. <u>Id</u>. at 80-81; <u>see also</u> <u>Perry</u>, 765 F. App'. at 872 n.1 ("the ALJ in <u>Sizemore</u> provided additional context, explaining that the claimant could perform work only in a 'low stress' setting, without any 'fast-paced work' or 'public contact,' to account for moderate limitations in concentration, persistence and pace. Those descriptors helped to explain the restriction intended by the ALJ, and allowed us to evaluate whether that restriction adequately accounted for the claimant's limitations.").

Here, when developing Plaintiff's RFC, the ALJ noted that Plaintiff experienced stress while working. The ALJ also noted Dr. Fiore's opinion that Plaintiff's "tolerance for emotional stress would be reduced and would moderately interfere with his work performance in a high stress work routine, or even a low stress work routine." AR 32. Plaintiff's RFC reflected that Plaintiff could adapt to "occasional changes in the work setting," could have "occasional interaction with the public that [did] not involve adversarial type activities," was limited to "occasional interaction with coworkers," and should not "perform work requiring a specific production rate." AR 29. In addition, the

9

ALJ stated that "due to [Plaintiff's] tolerance for stress, he should not work jobs that would require a specific production rate," AR 36, and, during the administrative hearing, clarified her understanding of the term "specific production rate" as encompassing work requirements "such as hourly quotas." AR 82.

Under these circumstances, the undersigned is not persuaded that the ALJ's use of the term "specific production rate" requires remand. See O'Dell v. Saul, No. 5:20-CV-00048-KDB, 2021 WL 1233480, at *6 (W.D.N.C. Apr. 1, 2021) ("medical providers opined that Ms. O'Dell would be able to work 'in a job that is ... not time or production based,' and could complete 'simple, routine, repetitive tasks in a low production based work setting,' despite her limitations in concentration, persistence, and pace. The ALJ further limited Ms. O'Dell to jobs with 'no complex decision-making; no crisis situations, and no constant changes in routine; [and] occasional interaction with others.' The ALJ's use of these explanations and the descriptors in the hypotheticals illustrating an appropriate work environment, combined with the medical opinions, lend sufficient context to discern what the ALJ intended by 'non-production work.' Furthermore, the VE expressed no confusion about the hypotheticals presented during the hearing or in the interrogatory, both of which included 'non-production work' as a limitation, and Ms. O'Dell's attorney never ask for further explanation on the term."); see also Everett v. Berryhill, No. 3:19-CV-

10

00246-GCM, 2020 WL 6567141, at *3 (W.D.N.C. Nov. 9, 2020) ("Courts do not agonize over the 'various interpretations of non-production limitations,' but instead take time to determine whether a non-production limitation adequately addresses the claimant's moderate CPP assessment.") (collecting cases); Medgar R. v. Kijakazi, No. CV BPG-20-2562, 2021 WL 11726169, at *2 (D. Md. Nov. 1, 2021) ("the ALJ explained that a 'production rate pace' meant work 'on an assembly line or work involving monthly or hourly quotas.' The ALJ's explanation, therefore, provides this court with enough information to conclude that the ALJ's RFC determination 'properly account[ed] for [plaintiff's] moderate limitations in concentration, persistence, and pace.'") (internal citations omitted).

## VI.   Recommendation

The undersigned therefore respectfully **RECOMMENDS** that the Commissioner's decision be **AFFIRMED.**

Signed:
2/17/2026

W. Carleton Metcalf
United States Magistrate Judge

<u>Time for Objections</u>

The parties are hereby advised that, pursuant to Title 28, United States Code, Section 636, and Federal Rule of Civil Procedure 72(b)(2), written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen (14)** days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the presiding District Judge will preclude the parties from raising such objections on appeal. <u>See</u> <u>Thomas v. Arn</u>, 474 U.S. 140, 140 (1985); <u>United States v. Schronce</u>, 727 F.2d 91, 94 (4th Cir. 1984).